Judge Pryor
delivered the .following as his opinion, dissenting FROM THE MAJORITY OF THE COURT:
There is no conflict, in my opinion, between section 3 of article 1 and. section 6 of.article 19 of the General Statutes. Section 3 of article 1 provides that “a common-law offense for .wdiich punishment is prescribed by statute shall be punished only in the mode so prescribed. (General Statutes, p. 318.) Section 1 of article 19, General Statutes, p. 349, provides that “if a riot, rout, unlawful assembly, affray, or breach of the peace be made or committed, the same may be suppressed, and the persons guilty arrested by any judge of the circuit or county court, police judge, or justice of the peace, sheriff, marshal, or constable.” By a subsequent section of the same article the offender is entitled to a trial at a period not exceeding five days from the arrest, unless bond with surety is executed, conditioned, among other things, that the party charged will appear on the day and at the place fixed for trial, etc. The third and fourth sections of this same article give to the party charged the right of trial by jury, and limit the punishment, if guilty, to a' fine not exceeding one hundred dollars and imprisonment not exceeding fifty days, or both so fined and imprisoned, at the discretion of the jury.
*562 Section 6 of the same article, said, in the opinion rendered, to be in apparent conflict with section 3 of article 1, reads as follows: “Nothing in this article shall be construed to repeal the common law in relation to riots, routs, affrays, unlawful assemblies, or breaches of the peace, which offenses may be punished as and by the common law, as heretofore.” It is conceded, if there was no other punishment except that of a fine of one hundred dollars and imprisonment, as prescribed by section 4 of article 19, that by reason of section 3 of article 1 the mode and extent of punishment would be. regulated by section 4, and the fine could not exceed one hundred dollars.
Section 6, however, of the same article above quoted imposes the common-law punishment, and hence where a party is tried under an indictment in the circuit court for either of the offenses enumerated, if guilty, he may be fined and imprisoned at the discretion of the jury. If tried by a court of limited jurisdiction, such as that held by a justice of the peace or by a circuit judge out of term time, and on a mere warrant, the fine is limited to one hundred dollars, and no greater fine can be imposed. The statute allows the commonwealth, the party aggrieved, to adopt the remedy and select its own forum. If in a court of inferior jurisdiction, the recovery is limited; if in a court of general jurisdiction, the party charged with the offense may be indicted by a grand jury and punished as and by the common law.
In enacting these statutes the legislature had in view the jurisdiction of the courts in which the party might be called to answer, and saw proper to withhold from inferior tribunals such unlimited power over the rights of the citizen. Justices of the peace originally had no such jurisdiction, and when conferred it was limited in penal as it has been in civil cases.
The two acts are not in conflict with each other, the only difference being that in the one case the jurisdiction is limited and in the other enlarged, or the legitimate jurisdiction re *563 tained of the circuit court. There is no reason why the jurisdiction of justices of the peace and the circuit court may not be regulated by statute in cases of misdemeanor as' well and in like manner as in civil actions. If maintained that the penalty of one hundred dollars is fixed by statute, it is insisted that the common-law penalty and mode of punishment is also adopted by the same statute. ,
Section 3 of article 1 is “that a common-law offense for which punishment is prescribed by statute shall be punished only in the mode so prescribed.” In order to apply this rule to the present case, as well as to make all the sections referred to harmonize, we have only to determine that the legislative intent was to give greater jurisdiction in (such cases to the one tribunal than the other. The construction given these statutes by a majority of the court is not sustained by either the legislative or judicial history of the state.
The act of 1802, and subsequent legislation up to the year 1809, abolished the common-law mode of punishment for such offenses, and gave the exclusive jurisdiction to justices of the peace. In the year 1809 the legislature revived the common law in relation to riots, routs, breaches of the peace, etc.; not, as is argued, for the purpose only of enabling the offenders to be indicted or to give the circuit court concurrent jurisdiction, but for the reason that the common-law mode of punishment afforded a more complete and adequate remedy against those who disturbed the public peace.
It is true that a prosecution in an inferior tribunal may be pleaded in bar to an indictment for the same offense; but this is no argument against a jurisdiction that has always attached to the circuit court under similar statutes (except during the interval mentioned in the opinion), and upon a careful examination of the authorities it may be said has never before been questioned in this court.
I therefore dissent from the opinion rendered.